SHORTESS, Judge.
John Johnson (defendant) and a co-defendant, Cedric Calligan,[2] were charged by bill of information with armed robbery, LSA-R.S. 14:64. Initially, defendant pled not guilty. However, he subsequently pled guilty to the responsive offense of first degree robbery, LSA-R.S. 14:64.1. He received a sentence of ten years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. Defendant has appealed, alleging as his sole assignment of error that the trial court erred in imposing an excessive sentence.
Because there was no trial, the record contains little factual information about this offense. The following facts are derived from testimony adduced at the preliminary examination and from offense reports contained in the presentence investigation report. At approximately 2:00 a.m. on December 8, 1991, defendant and Calligan robbed Leonard Jackson, an off-duty Baton Rouge City Police officer, at gunpoint outside a North Baton Rouge lounge. They took his wallet, class ring, and car keys before fleeing the scene in his vehicle. The victim immediately reported the robbery. Approximately two hours later, the victim’s vehicle was spotted on Florida Boulevard. During the chase which followed, defendant and Calligan eventually abandoned the vehicle on Winbourne Avenue before reaching a police roadblock. The victim’s vehicle, which was still in motion, crashed into a telephone pole. Shortly thereafter, both defendant and Calligan were apprehended. The victim identified defendant and Calligan as the persons who had robbed him at gunpoint earlier that morning, and both men gave taped statements admitting their involvement in the robbery. Police officers who participated in the apprehension of defendant and Calligan indicated that gunshots were fired at them both during the car chase and when the perpetrators fled on foot.
In the only assignment of error, defendant contends the trial court erred in imposing an excessive sentence. Specifically, he argues the trial court failed to comply with the new sentencing guidelines.
Initially, we note this court will not set aside a sentence solely because of the trial court’s failure to impose a sentence in conformity with the new sentencing guidelines. See State v. Bennett, 623 So.2d 74 (La.App. 1st Cir.1993). See La.C.Cr.P. arts. 881.6 and 894.1(A). See also La.C.Cr.P. art. 881.4(D). Furthermore, this court will not set aside a sentence on the ground of exces- *753 siveness if the record supports the sentence imposed. See La.C.Cr.P. art. 881.4(D).
For his conviction of first degree robbery, defendant received a sentence of ten years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. This sentence is within the lower range provided for this offense. See LSA-R.S. 14:64.1(B).
In his brief to this court, defendant notes that, at the sentencing hearing, the trial court found that the appropriate sentencing grid cell contained a maximum of seven years of incarceration. He contends the court exceeded the maximum incarceration recommendation in the sentencing guidelines without providing adequate aggravating circumstances justifying this upward departure.
Before imposing sentence, the trial court reviewed the pre-sentence investigation report, which recommended the imposition of a substantial sentence. Considering the sentencing guidelines, the court found both aggravating and mitigating circumstances. The mitigating circumstances noted by the trial court were defendant’s youth, his status as a first-felony offender, and his acceptance of responsibility for his actions. However, the court noted numerous aggravating circumstances. Initially, the trial court observed that defendant was a violent, unstable person. He had a significant prior criminal history involving crimes of violence and crimes against the person. The court noted that defendant was unemployed, had made no attempt at restitution, and had shown no remorse for his actions. The court specifically noted that gunfire was exchanged during the escape attempt and found that defendant’s conduct threatened serious injury or death to several people. Because defendant committed the offense simply to obtain money to buy Calligan a pair of tennis shoes, the trial court found defendant to be a “dangerous, callous and determined criminal who clearly represents a danger to those around himself if released.” The court noted defendant had benefitted from this plea to a reduced charge, since his conduct actually constituted armed robbery and attempted murder of several police officers. The court concluded that defendant was in need of correctional treatment.
The court stated it would have imposed the maximum sentence of forty years of imprisonment but for the mitigating circumstances noted above. Thereafter, it imposed this sentence, which exceeded the recommended maximum sentence by three years. Despite this upward departure from the new sentencing guidelines, we find no abuse of discretion in the sentence imposed. Considering the reasons for sentencing given by the trial court, and the circumstances of this offense, particularly that defendant engaged in conduct which endangered the lives of numerous people, we find that defendant’s sentence is fully supported by the record.
Therefore, for the reasons herein stated, we find no merit in this assignment of error. Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The record does not reflect the disposition of the charge against co-defendant Cedric Calligan. He is not a party to this appeal.